UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN M. HANCOCK,

      Petitioner,               Case Number: 2:21-12201
                                                  HON. GEORGE CARAM STEEH
    v.

JAMES SCHIEBNER,

      Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO HOLD PETITION IN ABEYANCE AND CLOSING CASE

      This is a habeas case filed under 28 U.S.C. § 2254. Petitioner Brian M. Hancock is a state inmate currently incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan. He challenges his convictions for five counts of first-degree criminal sexual conduct. Petitioner has also filed a motion to hold this proceeding in abeyance because seven of the eight issues raised in the petition have not been exhausted in state court. (ECF No. 3.) The Court will grant Petitioner's motion and stay this proceeding pending completion of the state court review process and will administratively close the case.

## I. Background

Petitioner's convictions arise from the sexual assaults of four of his female cousins. *People v. Hancock*, No. 345034, 2020 WL 257402 (Mich. Ct. App. Jan. 16, 2020). Following a jury trial in Oakland County Circuit Court, Petitioner was convicted of five counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(2)(b) and sentenced to five concurrent terms of 25 to 35 years' imprisonment. Petitioner filed an application for leave to appeal in the Michigan Court of Appeals seeking relief on three grounds: (i) the trial court violated his right to present a defense and to a fair trial when the trial court excluded photographs that supported his theory of defense; (ii) counsel was ineffective in failing to timely submit the photographs so they would be admitted at trial; (iii) the prosecutor improperly presented hearsay testimony to bolster the victims' version of events and defense counsel was ineffective for failing to object; and (iv) the trial court denied Petitioner a fair trial by allowing the admission of other acts evidence. The Michigan Court of Appeals affirmed Petitioner's convictions. *Hancock*, 2020 WL 257402 at *6. The Michigan Supreme Court denied Petitioner's application for leave to appeal. *People v. Hancock*, 505 Mich. 1134 (Mich. June 30, 2020).

On May 18, 2021, Petitioner filed a motion for relief from judgment in the trial court. (*See* ECF No. 1, PageID.3.) The trial court returned the motion because it exceeded the page limit. (*Id.* at 3-4.) Petitioner refiled his motion on August 16, 2021. (*Id.* at 4.) The motion remains pending in the trial court. (*See* ECF No. 3, PageID.214.)

Petitioner filed this habeas petition on September 9, 2021. He raises eight claims for relief.

## II. Discussion

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). To exhaust state court remedies, a claim must be fairly presented "to every level of the state courts in one full round." *Ambrose v. Romanowski*, 621 F. App'x 808, 814 (6th Cir. 2015). A petitioner bears the burden of showing that state court remedies have been exhausted. *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012).

Petitioner states that he failed to exhaust his state court remedies for

his second through eighth claims. He recently raised these claims in a motion for relief from judgment in the trial court, which remains pending. A habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those claims to this Court. Otherwise, the Court cannot apply the habeas standard of 28 U.S.C. § 2254.

When a petition raises unexhausted claims, the Court may hold the proceeding in abeyance pending exhaustion of state court remedies if there is good cause for the failure to exhaust, if the unexhausted claims are not plainly meritless, and if there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Here, Petitioner's unexhausted claims are not plainly meritless and his appellate counsel's failure to raise these claims in the Michigan Court of Appeals could constitute good cause. There is no indication that Petitioner is attempting to unfairly delay this proceeding.

Further, dismissal of the petition might render a future petition untimely because less than two months remains in the one-year limitations period. For these reasons, the Court will stay the petition and hold further proceedings in abeyance to allow Petitioner to exhaust his claims in state court.

### III. Conclusion

The Court GRANTS Petitioner's Motion to Hold Habeas Petition in Abeyance (ECF No. 3). The habeas petition is STAYED and further proceedings in this matter are held in ABEYANCE. If Petitioner wishes to return to federal court after exhausting his state court remedies, he must file an amended habeas corpus petition and a motion to lift the stay within 90 days of exhausting state remedies.

The Court further ORDERS that the Clerk of Court to close this case.

Dated: September 30, 2021

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 30, 2021, by electronic and/or ordinary mail and also on Brian M. Hancock #499449, Muskegon Correctional Facility, 2400 S. Sheridan, Muskegon, MI 49442.

s/Brianna Sauve
Deputy Clerk